UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANTONIOS N. DIMOULAS, | ) | |
| on behalf of minor children | ) | |
| T.D. and A.D., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17-cv-00048-NT |
| | ) | |
| CHRIS ALMY, | ) | |
| | ) | |
|     Defendant | ) | |

**RECOMMENDED DECISION AFTER SCREENING
COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)**

In this action, Plaintiff attempts to assert a claim against Defendant Chris Almy, the District Attorney for Penobscot County, based on Defendant's failure to institute criminal charges against an individual by whom Plaintiff alleges he was assaulted on July 2, 2014. (Complaint, ECF No. 1.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

**Discussion**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing

an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Plaintiff alleges that although he submitted to Defendant a report of an incident in which Plaintiff was the victim of an assault, Defendant "did not do his job." (ECF No. 1.) Plaintiff, therefore, asserts a claim based on Defendant's decision not to prosecute a criminal charge against the perpetrator of the assault.

The United States Supreme Court has made clear that prosecutors have wide discretion when deciding whether to initiate a prosecution.

> In our criminal justice system, the Government retains "broad discretion" as to whom to prosecute." *United States v. Goodwin,* 457 U.S. 368, 380, n. 11 (1982); accord, *Marshall v. Jerrico, Inc.,* 446 U.S. 238, 248 (1980). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978). This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review.

*Wayte v. United States*, 470 U.S. 598, 607 (1985). *See also United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("Judicial deference to the decisions of these executive officers rests in part on an assessment of the relative competence of prosecutors and courts."); *United States v. Nixon,* 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Oyler v. Boles*, 368 U.S. 448, 456 (1962) ("[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation."). The broad discretion exercised by prosecutors is subject only to a prohibition against "selective enforcement 'based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" *United*

*States v. Batchelder*, 442 U.S. 114, 125 n.9 (1979) (quoting *Oyler*, 368 U.S. at 456).[1] Plaintiff has failed to assert any facts that would suggest Defendant's decision was not within his broad discretion.

Furthermore, a prosecutor such as Defendant is entitled to immunity against civil liability for the decision whether to initiate a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [§] 1983."); *Harrington v. Almy,* 977 F.2d 37, 40 (1st Cir. 1992) ("[T]he interest that prosecutorial immunity is designed to protect—independence in the charging decision—is implicated whether the decision is to initiate a prosecution or decline to do so.").

Finally, assuming, arguendo, that prosecutorial immunity against civil liability is constrained by the Equal Protection Clause, any exception to immunity would not apply to Plaintiff's claim. The Supreme Court has held that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Id.*

---

[1] The Supreme Court has noted that "[i]n particular, the decision to prosecute" is subject to equal protection constraints. *Wayte v. United States*, 470 U.S. 598, 608 (1985) (reviewing district court's dismissal of an indictment on equal protection grounds). Typically, claims challenging a prosecutor's decisions are brought by individuals against whom an alleged crime is prosecuted. In this case, Plaintiff, as the victim of an alleged crime, is asserting the claim.

## Conclusion

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed finds or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of April, 2017.